**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNNY T. VAUGHT, | : |
| Petitioner, | : Civil Action No. 07-5657 (MLC) |
| v. | : **O P I N I O N** |
| KAREN BALICKI, et al., | : |
| Respondents. | : |

**APPEARANCES:**

Petitioner pro se
Johnny T. Vaught
South Woods State Prison
Bridgeton, N.J. 08302

Counsel for Respondents
Rachel Gail Cook
Asst. Prosecutor
Mercer Co. Prosecutor's Ofc.
Mercer County Courthouse
Trenton, N.J. 08650

**COOPER**, District Judge

Petitioner, Johnny T. Vaught, a prisoner currently confined at South Woods State Prison in Bridgeton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondents are Administrator Karen Balicki and the Attorney General of New Jersey. The Petition will be dismissed as untimely.

## I.  BACKGROUND

On December 11, 1990, pursuant to a jury trial, Petitioner was convicted in New Jersey Superior Court, Mercer County, of aggravated manslaughter, felony murder, and aggravated arson. Petitioner was sentenced to life imprisonment, with a parole disqualifier of 30 years.

On October 29, 1993, the New Jersey Appellate Division affirmed the conviction. On January 13, 1994, the New Jersey Supreme Court denied certification. State v. Vaught, 135 N.J. 300 (1994).

Petitioner timely filed a state motion for post-conviction relief, in the trial court, which was denied on October 3, 1995. Petitioner timely appealed. On December 18, 1997, the Appellate Division found that Petitioner had been denied his state right to effective assistance of counsel in connection with his motion for post-conviction relief, reversed the trial court order denying relief, and remanded for further proceedings on the merits of Petitioner's claims. The Appellate Division did not otherwise address the merits of Petitioner's claims.

On remand, Petitioner was appointed counsel and new briefs were filed in support of the motion for post-conviction relief. On September 12, 2000, the trial court again denied relief. On May 20, 2002, the Appellate Division affirmed the denial of post-conviction relief. On September 6, 2002, the New Jersey Supreme Court denied certification. State v. Vaught, 174 N.J. 364 (2002).

Thereafter, Petitioner submitted this Petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, dated October 12, 2007. Petitioner asserts as grounds for relief: (a) he was denied the right to a fair trail by the trial court's refusal to permit him to present evidence that another person started the fire; (b) the trial court abused its discretion in denying the defense

2

motion for a mistrial, after the jury learned that the prosecutor trying the case was in a position to view Petitioner when he gave his alleged confession to police; (c) the sentence is excessive; (d) various errors in the jury instructions; (e) ineffective assistance of appellate counsel; and (f) prosecutorial misconduct in connection with the presentation of the closing argument.

In response to this Court's Order to Answer, Respondents assert that the Petition should be dismissed as untimely. Petitioner has not filed a reply in support of the Petition.

## II.  ANALYSIS

28 U.S.C. § 2254 provides, in pertinent part:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d),[1] which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...

---

[1] The limitations period is applied on a claim-by-claim basis. See Fielder v. Verner, 379 F.3d 113 (3d Cir. 2004); Sweger v. Chesney, 294 F.3d 506 (3d Cir. 2002). As all of Petitioner's claims were known to him at the time his conviction became final, the only applicable limitations provision is set forth in 28 U.S.C. § 2244(d)(1)(A).

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Thus, evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

Petitioner's conviction here became final on April 13, 1994, ninety days after the Supreme Court of New Jersey denied certification on January 13, 1994.

Where a conviction became final prior to April 24, 1996, the effective date of § 2244(d), a state prisoner has a one-year grace period after that effective date to file a § 2254 petition, subject to statutory or equitable tolling. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

To statutorily toll the limitations period, a state petition for post-conviction relief must be "properly filed."

4

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by the appropriate court officer for placement into the official record. And an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.

Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (citations and footnote omitted) (finding that petition was not "[im]properly filed" merely because it presented claims that were procedurally barred under New York law on grounds that they were previously determined on merits upon an appeal from judgment of conviction or could have been raised on direct appeal but were not).

Where a state court has rejected a petition for post-conviction relief as untimely, however, it was not "properly filed" and the petitioner is not entitled to statutory tolling under § 2244(d)(2). Pace v. Diguglielmo, 544 U.S. 408 (2005). This is so even where, in the alternative, the state court addresses the merits of the petition in addition to finding it untimely. Carey v. Saffold, 536 U.S. 214, 225-26 (2002).

An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations

5

period is statutorily tolled from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is not filed, Swartz, 204 F.3d at 420-24.  But "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)."  Stokes v. Dist. Att'y of County of Phila., 247 F.3d 539, 542 (3d Cir. 2001).

    The limitations period of § 2244(d) also is subject to equitable tolling.  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. N.J. State Dep't of Corrs., 145 F.3d 616, 618 (3d Cir. 1998).  Equitable tolling applies:

> only when the principles of equity would make the rigid application of a limitation period unfair.  Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights.  The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims.  Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (citations and punctuation marks omitted).  Among other circumstances, the Third Circuit Court of Appeals has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the

wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition.  Jones, 195 F.3d at 159.

A "pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court."  Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)).  As Petitioner's timely state-court motion for post-conviction relief was properly filed and pending on April 24, 1996, the effective date of § 2244(d), he had one year after the conclusion of his state post-conviction relief proceedings on September 6, 2002, or until September 6, 2003, to file his federal habeas petition. Petitioner's federal habeas petition is dated October 12, 2007, more than four years after the expiration of the limitations period, and Petitioner has not suggested any basis for equitable tolling.  Accordingly, the Petition will be dismissed with prejudice as untimely.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree

7

with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Jurists of reason would not find it debatable whether this Court's procedural ruling here is correct.  Petitioner has failed to make a substantial showing of the denial of a constitutional right.  No certificate of appealability shall issue.

## IV.   CONCLUSION

For the reasons set forth above, the Petition will be dismissed with prejudice as untimely.  The Court will issue an appropriate order and judgment.

                                        s/ Mary L. Cooper            
                                        **MARY L. COOPER**
                                        United States District Judge

Dated: February 27, 2009